# UNITED STATES DISTRICT COURT
for the
Western District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Samuel Adam Santellan<br><br>*Defendant(s)* | )<br>)<br>) Case No.<br>)   1:18-mj-440<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __December 12, 2018__ in the county of __Kalamazoo__ in the __Western__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 875(c) | Threatening communication in interstate commerce |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

William C. Brown, Special Agent SSA-OIG
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __12/20/2018__

_____
*Judge's signature*

City and state: __Grand Rapids, Michigan__         Ray Kent, U.S. Magistrate Judge
*Printed name and title*

## CONTINUATION OF COMPLAINT

1. I, William C. Brown, am a Special Agent with the Social Security Administration, Office of the Inspector General, Office of Investigations (SSA-OIG-OI), and have been so employed for 18 years. I am a graduate of the Federal Law Enforcement Training Center, having successfully completed a 10-week Criminal Investigator Training Program, a 4-week Inspector General Investigator Training Program, and a 2-week Seized Computer Evidence Recovery Specialist program. In connection with my official duties as a special agent, I have conducted investigations of federal law including Title 18, United States Code, Section 875(c) [Interstate Communications].

2. The information set forth in this affidavit is based on my own investigation and on the investigation of other law enforcement officers, with which I am familiar. I have set forth the facts necessary to establish probable cause to believe that Samuel Adam Santellan (hereinafter Santellan) did knowingly violate Title 18, United States Code, Section 875(c). Due to the limited purpose of this affidavit, I have not set forth all of the facts known to me, but only those facts necessary to establish probable cause.

3. On December 12, 2018, at approximately 3:07 p.m., a Disability Examiner, with the State of Michigan's Department of Health and Human Service (DHHS) Disability Determination Service (DDS) received a telephone call from (616) 848-0617. The caller, who was upset about an ongoing claim dispute, identified himself as Santellan and provided personal information establishing his identity. Telephone records from DDS show nine phone calls between mobile phone (616) 848-0617 and the DDS office in Kalamazoo, Michigan from approximately 11:40AM to 3:01PM on December 12, 2018, including the call described in this continuation.

4. The Disability Examiner informed Santellan that because he had moved to Daytona Beach, Florida, he would need an address there to transfer the case. Yelling and using expletives, Santellan said the DDS had been "screwing him over for years" and owed him his disability. The Disability Examiner warned Santellan to lower his voice and to cease his profanity, or he would end the call. Santellan told the Disability Examiner he would obtain a Post Office Box (POB) the following day, but the Disability Examiner informed him he needed a physical address. At that point, Santellan began to yell and curse again, saying he was living on the beach and a POB was all he had. He repeated that the DDS has been "f***ing him over for years" and that he wanted his money. The Disability Examiner informed Santellan that if he could not provide a physical address, his case would likely be closed. Santellan responded that if his case was closed, he would get a gun, go to the DDS office, and shoot everyone. The Disability Examiner ended the call and reported the threat to a manager in his office.

5. On December 12, 2018, I called Santellan at (616) 848-0617, the same number he used to call the Disability Examiner. Santellan admitted calling the DDS office in Kalamazoo, Michigan on December 12, 2018. He initially denied making any threats, and said he did not even own a gun. Santellan then said, however, that if he did make the threatening statement, he was "just blowing hot air" and did not mean it.

6. On December 13, 2018, I faxed an exigent request to T-Mobile's Law Enforcement Relations (LER) Group to track the location of the mobile device at (616) 848-0617. According to the alerts I received, Santellan was at the Grand Prix Motel in Daytona Beach, Florida. I called the motel and verified Santellan was staying there and had checked in on December 9, 2018. As a result, I am confident the threatening call Santellan placed on December 12, 2018 was made in interstate commerce from Florida to Michigan.

7. On December 17, 2018, I called Detective Daniel Carrazana of the Daytona Beach Shores Department of Public Safety, the local law enforcement agency with jurisdiction over the Grand Prix Motel's location. I asked him to apply for a search warrant in Volusia County, Florida for Santellan's motel room and seize any weapons, mobile devices, and any other recording devices which may have been used to record relevant telephone conversations.

8. On December 18, 2018, Detective Carrazana searched Santellan's motel room, and seized two mobile devices which have been forwarded to me for forensic analysis. Detective Carrazana interviewed Santellan, and explained that the search warrant was conducted because of the threatening statements he made when he called the DDS. Santellan again initially denied making any threats, but said he became upset when the DDS called him to remind him about his disability interview. Santellan then stated, "I don't even own a gun. I apologize for any threats. I did not mean nothing by it, I was upset."

9. In summary, I believe probable cause exists to believe Santellan knowingly transmitted, in interstate commerce, a communication that threatened to injure the person of another, namely, a Disability Examiner and any DDS and SSA field office employees, in violation of Title 18, United States Code, Section 875(c).